UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN BENNETT,

        Petitioner,

   v.                       CAUSE NO.: 3:19-CV-425-RLM-MGG

WARDEN,

        Respondent.

OPINION AND ORDER

Kevin Bennett, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (WCU 18-12-288) where a disciplinary hearing officer found him guilty of Sexual Conduct in violation of Indiana Department of Correction offense B-216. He was sanctioned with the loss of 60 days earned credit time and demoted from Credit Class 2 to Credit Class 3. Mr. Bennett presents two grounds, but they both argue there was insufficient evidence to have found him guilty of B-216 and that he should have been found guilty of the lesser included offense of Sexual Harassment, C-302.

In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the

comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a conduct report alone can be enough evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report states:

> On 12-19-18, Offender Bennett stated to Nurse Hammar while on med pass the following statements. "How many dicks did you suck before work tonight? If I stick my dick between the bars will you suck me off. Stick your finger in your pussy and tell me what if [sic] smells like." Nurse Hammar left the range and reported his conduct.

ECF 1-1 at 7.

Based on the description of offenses listed in an Indiana Department of Correction document dated June 1, 2016, Bennett argues B-216 Sexual Conduct "means: sexual intercourse/conduct with another who consents or exposing/fondling/touching oneself." ECF 1 at 2. He argues because he didn't do any of those acts, he's not guilty of Sexual Conduct. That wasn't the definition of Sexual Conduct on January 4, 2019, when he is charged with committing this offense. The June 4, 2018, policy defined Sexual Conduct as:

> Engaging in any of the following:
> - Sexual intercourse, as defined in Policy and Administrative Procedure 02-04-101, with the consent of the other offender
> - Making a request, hiring, or coercing another person to have sexual contact
> - Having contact with or performing acts with an animal that would be sexual intercourse or sexual contact if with another individual
> - Clutching, exposing, fondling, or touching the offender's own intimate parts for the sexual arousal of the offender or

2

others, whether clothed or unclothed, while observable by others.

https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf, IDOC Adult Disciplinary Process, Appendix I: Offenses (emphasis added). Though Mr. Bennett could have been found guilty of Sexual Harassment in violation of C-302, based on the 2018 definition, it wasn't arbitrary for the hearing officer to have found that Mr. Bennett requested sexual conduct when he asked Nurse Hammar if she would "suck me off."

For these reasons, the habeas corpus petition is DENIED pursuant to Section 2254 Habeas Corpus Rule 4. The clerk is directed to CLOSE this case.

SO ORDERED on August 10, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT